IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY BRADSHAW | : | CIVIL ACTION |
| | : | |
| v. | : | No. 14-5583 |
| | : | |
| SUE KARPINSKI | : | |

## MEMORANDUM

**Juan R. Sánchez, J.**                                                      **March 28, 2017**

Pro se Plaintiff Jeffrey Bradshaw, a former prisoner at State Correctional Institution Graterford (SCI Graterford), brings pursuant to 42 U.S.C. § 1983 a First Amendment retaliation claim and Eighth Amendment failure-to-protect claim against Defendant Sue Karpinski, the Drug and Alcohol Treatment Manager at SCI Graterford.  Due to delays by both parties, two-and-a-half years have passed since Bradshaw commenced this action, and the matter was scheduled for trial on March 28, 2017.  Bradshaw, without contacting the Court, failed to appear at the final pretrial conference.  The Court rescheduled the final pretrial conference for the day before trial, and Bradshaw again failed to appear.  That same day, he filed a motion to withdraw the case.[1]  In light of Bradshaw's failure to appear, and failure to prosecute at other stages of this litigation, and upon consideration of the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), this case will be dismissed with prejudice for failure to appear and failure to prosecute.

**BACKGROUND**

Bradshaw commenced this action by filing an application for leave to proceed in forma pauperis on September 29, 2014, which this Court denied, and an amended application to proceed in forma pauperis on November 7, 2014.  The Court granted the amended application on

---

[1] The Court construes Bradshaw's motion as a request to withdraw the case without prejudice, as he seeks to withdraw the case only until he is able to retain counsel.

November 17, 2014, but dismissed the bulk of Bradshaw's Complaint for failure to state a claim, leaving only his claims against Karpinski, and providing Bradshaw leave to amend within 30 days.  Bradshaw's Complaint was filed the same day.

Bradshaw subsequently moved twice, on December 15, 2014, and January 29, 2015, for an extension of time to file an amended complaint, which the Court granted.  On April 8, 2015, Bradshaw having failed to file an amended complaint, the Court directed the United States Marshals to serve upon Karpinski the summons and Complaint in this action.

In his Complaint, Bradshaw alleges that while at SCI Graterford, he was sent to the Residential Housing Unit (RHU) for filing grievances against the guards, who yelled defamatory statements at Bradshaw to incite other inmates to abuse him.  Karpinski subsequently ordered Bradshaw's release from RHU and, in retaliation for his contact with an FBI agent who was helping Bradshaw with a civil rights suit against another prison, "ordered the defamation of [Bradshaw] until an assault on [him] occurred."  Compl. ¶ 26.  Bradshaw suffered a concussion and a laceration on his eyebrow as a result of the assault, and was also subject to discipline.

Karpinski was served on September 23, 2015, but she failed to file a timely response.  On November 17, 2015, the Court directed Bradshaw to cause Karpinski's default to be entered and move for judgment thereon pursuant to Federal Rule of Civil Procedure 55, or to show cause why a request for entry of default had not been filed, by December 8, 2015.  The Court's Order was sent to Bradshaw's address on file, but on December 1, 2015, the Order was returned by the U.S. Postal Service with the notation, "Not Deliverable as Addressed."  Thus, by Order of February 16, 2016, the Court extended the deadline to March 1, 2016, for Bradshaw to cause Karpinski's default to be entered or show cause why a request for entry of default had not been filed. The Court also warned Bradshaw that failure to comply would result in the dismissal of the

Complaint and, moreover, that he was required, per local rule, to notify the Clerk within 14 days of any change of address. The Court directed the Clerk of Court to mail the February 16, 2016, Order to three separate addresses for Bradshaw—the address listed on the docket, as well as two other addresses found in his filings—as well as to Karpinski. Shortly thereafter, Karpinski's counsel entered an appearance and filed a motion to dismiss, her first response in this action. On April 20, 2016, Bradshaw having failed to file an opposition to Karpinski's motion to dismiss, the Court issued an order for Bradshaw to show cause why the action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). On May 4, 2016, Bradshaw belatedly moved for default. Although Bradshaw had failed to respond to Karpinski's motion to dismiss, the Court denied the motion on August 26, 2016.

On August 29, 2016, the Court issued an Order scheduling a Rule 16 conference. On September 19, 2016, one day before the scheduled Rule 16 conference, Bradshaw moved for a 60-day continuance for the conference. The Court granted the motion, and continued the conference to December 6, 2016. Both parties appeared at the Rule 16 conference on that date.

On January 6, 2016, Bradshaw moved to extend the discovery deadline of the same date, which Karpinski did not oppose. The Court granted the motion, extending the discovery deadline to February 9, 2017. On January 17, 2017, Bradshaw requested an extension of time for filing dispositive motions, which the Court denied. On February 16, 2017, Karpinski requested an extension of time to file a motion for summary judgment, explaining she had called and emailed Bradshaw on several occasions to schedule his deposition, but he had been unresponsive. The Court granted Karpinski's request for an extension. On February 21, 2017, Bradshaw filed a motion requesting discovery with the Court. The Court denied Bradshaw's

motion, as Bradshaw's request was untimely, improperly made to the Court instead of to Karpinski pursuant to Federal Rule of Civil Procedure 34, and not relevant to his claims.

On March 20, 2017, Bradshaw, without contacting the Court, failed to appear at the final pretrial conference, and Karpinski orally moved to dismiss this case for failure to appear and/or prosecute, which the Court took under advisement.  That same day, the Court issued an Order rescheduling the final pretrial conference to March 27, 2017, immediately before the commencement of trial.  The Court advised Bradshaw that his failure to appear could result in dismissal of this action.  Bradshaw nevertheless again failed to appear at the rescheduled March 27, 2017, final pretrial conference, and Karpinski again moved to dismiss this case for failure to appear and prosecute pursuant to Federal Rules of Civil Procedure 16(f)(1), 37(b)(2)(A)(v), and 41(b).  That day, Bradshaw filed a motion to withdraw this case until he is able to retain counsel.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 41(b), and its inherent power, the Court may dismiss a case for failure to prosecute.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (discussing the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute"); *see also Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) ("District court judges, confronted with litigants who flagrantly violate or ignore court orders, often have no appropriate or efficacious recourse other than dismissal of the complaint with prejudice.").  "Although the Third Circuit has stated that '[d]ismissal is a harsh remedy and should be resorted to only in extreme cases,' it has found dismissal appropriate when parties 'refuse to abide by prescribed rules of court' and 'will not obey court orders.'"  *Smith ex rel. El Ali v. Altegra Credit Co.*, No. 02-8221, 2004 WL 2399773, at *3 (E.D. Pa. Sept. 22, 2004) (quoting *Mindek*, 964 F.2d at 1373, 1375) (internal quotation marks and citation omitted)).

4

"Failure to attend scheduled pretrial conferences is one circumstance that can justify a sanction of dismissal." *Id.* (citing *Link*, 370 U.S. at 628-39).

This Court is also authorized by Rule 16(f), "[o]n motion or on its own," to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference . . . [or] fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A), (C). Rule 37(b)(2)(A) authorizes a court to order a range of sanctions, including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(v). Before dismissing a case as a sanction for a party's litigation conduct, a district court must consider and balance the following factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted); *see also Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013) (holding a court must consider the *Poulis* factors not only when dismissing a case for failure to prosecute but also when dismissing a case pursuant to Rule 37(b)). In conducting this analysis, no single factor is dispositive, and "not all of the . . . factors need be satisfied in order to dismiss a complaint." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Mindek*, 964 F.2d at 1373).

Applying the *Poulis* factors in the circumstances of this case, the Court finds the factors weigh in favor of dismissal. First, because Bradshaw is proceeding pro se, he bears personal responsibility for his failure to comply with this Court's February 23, 2017, and March 20, 2017, Orders, by failing to appear at both scheduled final pretrial conferences. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (noting a pro se plaintiff's failure to comply with court

orders "could not be blamed on counsel"); *Smith ex rel. El Ali*, 2004 WL 2399773, at \*5 (holding plaintiff, who had "been warned on several occasions that his continued failure to attend [scheduled] conferences would resulted in sanctions . . . alone bears personal responsibility for his repeated failure to attend the scheduled conferences").  Moreover, this Court stressed in its March 20, 2017, Order that failure to appear could result in dismissal of this case.  The first *Poulis* factor thus weighs in favor of dismissal.

Second, Bradshaw has exhibited a history of dilatoriness.  Most significantly, Bradshaw failed to attend the final pretrial conference on two separate occasions without contacting the Court before or after the missed hearings to notify the Court of his inability to attend or to request rescheduling.  *See Smith ex rel. El Ali*, 2004 WL 2399773, at \*6 ("Plaintiff's lack of communication with this Court is further evidence of [his] dilatory actions in prosecuting [his] claim." (citation omitted) (alterations in original)).  Prior to the pretrial conferences, Bradshaw also failed to comply with several Court Orders, as discussed above.

Third, Bradshaw's failure to respond and appear at conferences appears to be willful, as this Court thrice ordered him to respond or to appear before the Court, and specifically advised him each time that failure to do so could result in dismissal of this case for failure to prosecute. The record reflects Bradshaw was aware of the Court's Orders, as he continually sought extensions of response dates and other deadlines.  *See Rieder v. Gannon Univ.*, 481 F. App'x 707, 709 (3d Cir. 2012) (finding a pro se plaintiff acted willfully in failing to respond to a motion to dismiss "despite being ordered to do so twice by the Magistrate Judge").  Bradshaw's motion to withdraw further suggests his awareness of his responsibilities and his intention not to pursue this case.

Fourth, in light of Bradshaw's in forma pauperis status, alternative sanctions short of dismissal—such as fines, costs, or attorneys' fees—are unavailable.  *See Emerson*, 296 F.3d at 191 (upholding a finding that monetary sanctions were not an alternative to dismissal where the plaintiff was proceeding in forma pauperis).  Further, because Bradshaw no longer wishes to proceed with this case, warnings alone would have no effect.

Lastly, and most significantly, the Court finds Bradshaw's claims likely have no merit. At the final pretrial conference, defense counsel indicated Bradshaw had conducted no discovery and taken no depositions.  Indeed, Bradshaw's February 21, 2017, request to the Court for extensive discovery suggests he conducted limited, if any, discovery throughout the discovery period allotted by the Court.  Because there is no indication Bradshaw gathered any evidence to support his claims, Bradshaw's claims would likely fail at trial.

It is not clear whether the remaining factor—prejudice—weighs in favor of dismissal. Although delay can be prejudicial, *see Emerson*, 296 F.3d at 191, the Court has no information suggesting the delay occasioned by Bradshaw's failure to respond to Karpinski's motion to dismiss, or otherwise advance the litigation—twice requesting an extension to file an amended complaint yet failing to ever do so; failing to update the Court with a changed address such that the Court's November 17, 2015, Order was returned undelivered; requesting a 60-day continuance of the Rule 16 conference the day before the scheduled conference— prejudiced Karpinski, as both parties engaged in substantial delay throughout the course of this case. Moreover, a week and a half before trial was to commence, Karpinski moved to continue the trial date until June 2017.

Because the majority of the *Poulis* factors weigh affirmatively in favor of dismissal, the Court finds dismissal is warranted.  Although Bradshaw, at the last hour, has filed a motion to

7

withdraw without prejudice, the Court will dismiss this action with prejudice for the aforementioned reasons.

An appropriate order follows.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.